**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **STEPHEN FERRARO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.    ) | **Case No.: 1:14-CV-2413-VEH** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **COMMISSIONER, SOCIAL** ) | |
| **SECURITY ADMINISTRATION** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Stephen Ferraro ("Ferraro") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied Ferraro's application for a determination of disability and disability insurance benefits ("DIB"). Ferraro timely pursued and exhausted his administrative remedies available before the Commissioner. The case is thus ripe for review under 42 U.S.C. § 405(g). The court has carefully considered the record and, for the reasons that follow, finds that the decision of the Commissioner is due to be **REVERSED** and **REMANDED.**

## II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff was 47 years old with a limited education when the ALJ issued his decision. (Tr. 17, 196, 222). Plaintiff reported he was disabled due to osteoarthritis in his feet, legs, and hands; tendonitis; and swelling. (Tr. 221). Plaintiff had past work as an account manager. (Tr. 222).

The ALJ found that Plaintiff experienced the following severe impairments: "osteoarthritis, generalized anxiety disorder, major depressive disorder, and attention deficit hyperactivity disorder. (ADHD)" (Tr. 22). The ALJ determined Plaintiff's severe impairments were not of listing level severity. (Tr. 23). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work with some limitations.

The ALJ determined Plaintiff was unable to perform his past relevant work. (Tr. 29). The ALJ, relying in part on the testimony of a vocational expert (VE), concluded there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as blending tank tender helper, electronics worker, and inspector. (Tr. 29-30). Accordingly, the ALJ found Plaintiff not disabled from May 22, 2012, his alleged onset date, through the date of the decision. (Tr. 30).

The Appeals Council denied review of the ALJ's decision on October 17, 2014,

making the ALJ's decision the final agency decision on the matter. (Tr. 1). Having exhausted all administrative remedies, Ferraro moved for judicial review in this court pursuant to 42 U.S.C. § 405(g) on December 16, 2014. (Doc. 1). The Commissioner answered on April 16, 2015. (Doc. 7). Ferraro filed a brief in support of his position on March 19, 2015, doc. 10, and the Commissioner submitted her brief on April 20, 2015. (Doc. 11).

### III.   **STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id*.

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal

standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. <u>STATUTORY AND REGULATORY FRAMEWORK</u>

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

sequence:

> (1)　whether the claimant is currently employed;
>
> (2)　whether the claimant has a severe impairment;
>
> (3)　whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
>
> (4)　whether the claimant can perform his or her past work; and
>
> (5)　whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## V.    ALJ FINDINGS

After consideration of the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since May 22, 2012 (20 C.F.R. 404.1571 *et seq*.).

3. The claimant has the following severe impairments: osteoarthritis, generalized anxiety disorder, major depressive disorder, and attention deficit hyperactivity disorder (ADHD) (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, [the ALJ] finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He must avoid all exposure to extreme heat, extreme cold, wetness, and humidity. He must avoid operational control of moving machinery, unprotected heights, and the use of hazardous machinery. Additionally, the claimant can perform simple, routine, and repetitive tasks in a low stress environment, which is defined as requiring occasional decisionmaking and having occasional changes in the work setting. He cannot interact with the publish, but he can occasional [sic] interact with coworkers

6. The claimant is unable to perform any past relevant work (20 CFR 404.1563)

7. The claimant was born on October 7, 1966, and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 22, 2012 through the date of this decision (20 CFR 404.1520(g)).

(Tr. 22–30).

## VI. **ANALYSIS**

The court may reverse a finding of the Commissioner only if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[1] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Ferraro makes two arguments in support of reversal. First, that the "ALJ failed

---

[1] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

to properly evaluate the credibility of the Plaintiff's complaints of pain consistent with the Eleventh Circuit Pain Standard." Second, he argues that "the ALJ failed to properly articulate good cause for according less weight to the opinion of the Plaintiff's treating physician." Both arguments are persuasive, and the ALJ's decision will be **REVERSED** and **REMANDED**.

      A. <u>The ALJ failed to adequately discredit Ferraro's Subjective Pain Testimony</u>

Pain itself can be disabling. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability on the basis of testimony of subjective pain, the claimant must show "1) evidence of an underlying medical condition, and 2) [...] that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ's failure to articulate explicit and adequate reasons to discount subjective testimony of pain requires that the testimony be accepted as true. *Id.* It is error to consider only objective medical evidence to evaluate a claimant's testimony about pain. *Johns v. Bowen*, 821 F.2d 551, 557 (11th Cir. 1987).

Ferraro gave testimony in the administrative proceedings to the effect that he is unable to do much because of his pain, which is constant. (Tr. 53–54). The ALJ concluded that Claimant satisfied both steps of the pain inquiry, but found Ferraro's testimony not credible. As support for this conclusion, the ALJ made nearly exclusive

reference to objective medical evidence, such as findings by Dr. Pava and Dr. Jani that Ferraro retained a full range of motion in all joints, extremities, and spine, and the ability to squat without difficulty. (Tr. at 26). Where, as here, "the claimant's medically determinable impairments could reasonably have been expected to produce the alleged symptoms," tr. at 26, objective medical evidence alone is insufficient as a matter of law to undermine subjective testimony of pain. *Johns*, 821 F.2d at 557. As to subjective evidence undermining the claimant's testimony, the ALJ pointed to four visits to doctors, in which Ferraro reported 4/10 pain severity on February 15, 2013, he indicated that his medications were adequately effective in controlling his pain on May 28, 2013, that his pain had increased in an August 23, 2013 visit, and on November 19, 2013, he admitted that his pain medications were working. *Id.*

There are no fewer than thirty doctor visits in the record, yet the ALJ highlighted four as substantial enough to discredit Ferraro's testimony—and one of them is mildly consistent with the testimony. He complained of pain on many other occasions. (*See, e.g.*, Tr. at 343, 347, 360, 401, 415). This is not a counting exercise, but the ALJ is required to explain why he determined that certain subjective statements were more believable than others. He did not, so Ferraro's testimony must be presumed true, which means the ALJ's findings are not supported by substantial evidence. On this issue, the case must be **REVERSED**.

B. <u>The ALJ failed to consider Dr. Victoria's Opinion</u>

The Commissioner considers "all evidence in [the] case record when" making "a determination or decision whether" a claimant is "disabled." 20 § C.F.R. 404.1520(a)(1). But "the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review," *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 94 (1943), and "the grounds upon which the administrative agency acted" must be "clearly disclosed and adequately sustained." *Id.* The failure to adequately explain the grounds for the Commissioner's reasoning is therefore a failure to base her decision upon substantial evidence. "The ALJ must state with particularity the weight given different medical opinions and the reasons therefor, and <u>the failure to do so is reversible error</u>." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). *A fortiori*, the failure to even discuss a medical opinion is reversible error.

Here, Dr. Dolores Victoria[2] filled out a form labeled "Non-Exertional Factors Affecting Your Patient," in which she indicated that Ferraro has pain as a result of his medical condition, which is chronic and continuous. (Tr. at 595). Dr. Victoria characterized the pain as "moderately severe," which was objectively demonstrated

---

[2] The Commissioner argues that this form was completed by "an unknown physician." (Doc. 11 at 13). While the signature is difficult to make out, the other document in Exhibit 16F contains a prescription from the same date from Dr. Dolores Victoria. (R. 596). Upon examination, the signature appears to say Dolores Victoria.

by joint and spinal deformity. *Id.* Dr. Victoria concluded that Ferraro would likely miss more than two days per month of work. *Id.* This opinion was not even mentioned in the ALJ's decision, and the failure to do so is reversible error. *See Sharfarz*, 825 F.2d at 279.

The Commissioner offers a few reasons the court should not reverse and remand, although none of them are persuasive, because of a simple fact: it is the ALJ's reasoning, not the Commissioner's "post-hoc rationalizations," *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 50 (1983), on which the disability determination must rise or fall. One objection deserves an individualized response, however. The Commissioner maintains that Dr. Victoria was not a treating physician because the record reflected, at most, that Ferraro visited Dr. Victoria once. The record is unclear on this point, and a single visit is all the record definitively reflects, but the record also refers to Dr. Victoria as the treating physician. If the ALJ's duty to develop the record means anything, it requires the ALJ to determine a physician's relationship to the claimant.

Finally, the Commissioner's harmless error argument is mooted by the court's conclusion that the ALJ's discounting of Ferraro's subjective pain testimony is error. The harmless-error doctrine proscribes "reversing for error regardless of its effect on the judgment." *Shineski v. Sanders*, 556 U.S. 396, 409 (2009) (citation and internal

quotation marks omitted). Where, as here, the court has already determined that it will reverse the judgment, there is no reason to be concerned with the harmlessness of the error.

## VII.  CONCLUSION

For the foregoing reasons, this case is **REVERSED** and **REMANDED** to the Social Security Administration. A separate order will issue.

**DONE** and **ORDERED** this 20th day of January, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge