FILED
2018 Jul-24 AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **STEPHEN FERRARO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:14-CV-2413-VEH |
| | ) |
| **NANCY A. BERRYHILL,** ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER[1]

**I.     INTRODUCTION**

Before the Court is Mr. Ferraro's Petition for Authorization of Attorneys' Fees (the "Petition") under § 406(b) submitted on May 14, 2018. (Doc. 15). Mr. Ferraro's attorney requests $14,910.50 in fees for 16.7 hours of work. (*See id.* at 2). The Commissioner opposes the Petition by arguing that the fees are not reasonable. (*See* Doc. 17 at 2). The Petition is now ripe for review. For the reasons stated in this opinion, the Petition is **GRANTED** in part and otherwise **DENIED**.

---

[1]    Nancy A. Berryhill was named the Acting Commissioner on January 23, 2017. See https://www.ssa.gov/agency/commissioner.html. Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Nancy A. Berryhill for Carolyn W. Colvin in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

**II.    STANDARD**

Subparagraph 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a [represented] claimant . . . the court may determine and allow . . . a reasonable [attorney's fee], not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Where the claimant and his attorney have executed a contingent-fee agreement, the Supreme Court has interpreted subsection 406(b) as requiring district courts to conduct a two-step analysis. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). First, the Court calculates whether the requested award falls "within the 25 percent limit." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). If so, the agreement is presumptively reasonable. In step two, the Court must consider whether "the fee sought is [actually] reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807, and, if not, the presumption is overcome. Where the presumption is overcome, the Court may award a fee that is reasonable in its judgment. *See id.*

The standard set out in *Gisbrecht* is a framework that has been subsequently bolstered by Courts of Appeals. "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." *Jackson*, 601 F.3d at 1271 (citation omitted). Substandard representation,

among other things, includes a complaint "submitted on boilerplate pleadings," where "no issues of material fact are present," and where "no legal research is apparent." *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989).

The reasonable fee reflects an enhancement, compared to the market rate for similar work, based on the risk of non-payment, because "payment for an attorney in a social security case is inevitably uncertain." *Wells v. Sullivan*, 907 F.2d 367, 370–71 (2d Cir. 1990). On the other hand, the quality of counsel and hours expended are weak factors for assessing an award's reasonableness; they "bear little if any relationship to the results [i.e., award amount] achieved." *Rodriquez*, 865 F.2d at 747. But the award must not be so disproportionate to the work performed that it gives the perception that counsel has won the Social Security lottery. *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (prohibiting a "windfall"); *cf. Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 559 (2010) (fee shifting statutes do not exist to enrich counsel).

Certain policy considerations should also inform the Court's judgment. Section 406 was enacted "to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Contingent fees, in particular, "provide[] a critical incentive for able attorneys to practice in the social security field." *Wells*, 907 F.2d at 371. At the same time, the Court's review is the only defense for claimants, *see Bergen v. Comm'r of*

*Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006), against the gutting of their statutory entitlement by the "specialized Social-Security bar [that] charges uniform contingent fees (the statutory maximum of 25%), which are presumably presented . . . on a take-it-or-leave-it-basis." *Gisbrecht*, 535 U.S. at 812 (Scalia, J., dissenting).

**III. ANALYSIS**

First, the Court notes that, according to the Social Security Administration, $14,910.50 is exactly 25% of the past due benefits. (*See* Doc. 15-3). Thus, it is "presumptively" reasonable. The Court now determines whether this amount is "actually" reasonable. The Court determines that it is not.

Mr. Ferraro's attorney worked 16.7 hours. (*See* Doc. 15-4 at 1). $14,910.50 divided by 16.7 equals about $892.84 per hour. In the Court's experience, $892.84 per hour represents a windfall. As this Court has noted in the recent past, $250 is an appropriate effective hourly rate. *See e.g.*, *Hunter v. Berryhill*, No. 7:13-CV-2142-VEH, 2017 WL 1132900, *2 (N.D. Ala. Mar. 27, 2017). In this case, Mr. Ferraro's attorney's work was on par with the average attorney who practices social security law in the Northern District of Alabama. Accordingly, $250 multiplied by 16.7 leads to a figure of $4,175. However, recovery is not certain in social security cases. With that enhancement in mind, the Court determines that $6,262.50 is reasonable.

## IV. CONCLUSION

Accordingly, the Petition is **GRANTED** in part. $6,262.50 in attorney's fees are hereby awarded.

**DONE** and **ORDERED** this 24th day of July, 2018.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge